Brian J. Porter, Bar Number 14291
Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for Freedom Mortgage Corporation
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone:  801-355-2886
Fax:  801-328-9714
Email: brian@hwmlawfirm.com
File No: 52036

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>CYNTHIA R. HOLMES<br>*aka* Cynthia Rose Ralston<br>*aka* Cyndi Holmes<br><br>Debtor. | Bankruptcy Case No. 19-26984<br>Chapter 13<br><br>**MOTION TO TERMINATE AUTOMATIC STAY AS TO FREEDOM MORTGAGE CORPORATION AND FOR IN REM RELIEF PURSUANT TO 11 U.S.C.A. § 362 (d)(4)** |

Freedom Mortgage Corporation, hereinafter referred to as ("Secured Creditor"), hereby moves the Court pursuant to 11 U.S.C., Section 362, for an order terminating the automatic stay and for *in rem* relief pursuant to 11 U.S.C.A. § 362(d)(4) with respect to the following described real property (the "Property") located in Utah County, State of Utah:

> Lot 37, Plat "A", Taylor Farm Estates Subdivision, according to the Official Plat thereof on file and of record in the Utah County Recorder`s Office

Commonly known as 555 North 75 West, Springville, UT 84663;

so that it may proceed with the foreclosure process on its security interest in the property.  This

motion is based on the following:

### STATEMENTS OF FACTS

1.  That on or about April 15, 2015, Borrowers, Amberleee Jackson, James Holmes and

Cynthia R. Holmes, executed the Promissory Note in the original principal sum of $233,649.00

("Note"), along with a Deed of Trust, originally in favor of Mortgage Electronic Registration

Systems, Inc., as nominee for First Mortgage Corporation, a California Corporation, D/B/A FMC

Mortgage Company, its successors and assigns, which granted a security interest in the real

property, located at 555 North 75 West, Springville, Utah 84663 (the "Property").  Copies of the

Note and Deed of Trust are attached hereto as Exhibit "A".

2.  The Note and beneficial interest in the Deed of Trust was subsequently transferred from

Mortgage Electronic Registration Systems, Inc., as nominee for First Mortgage Corporation, a

California Corporation, D/B/A FMC Mortgage Company, its successors and assigns to Freedom

Mortgage Corporation.  A copy of the Assignment is attached hereto as Exhibit "B".

3.  Borrower has defaulted under the terms of the Note and Mortgage by failing to make the

monthly payments due on October 1, 2017, and all subsequent payments.

4.  Halliday Watkins & Mann, P.C. executed and recorded a Notice of Default and Election

to Sell on February 28, 2018.  A copy of the recorded Notice of Default and Election to Sell is

attached as Exhibit "C."

5.  On March 2, 2018, Freedom Mortgage Corporation appointed the Law Firm of Halliday

Watkins & Mann, P.C., as substitute Trustee. A Copy of the Substitution of Trustee is attached

hereto as Exhibit "D."

6.  Halliday Watkins & Mann, P.C. scheduled a Trustee's Sale for March 4, 2019, at 9:00 AM.  A copy of the Notice of Sale is attached hereto as Exhibit "E".

7.  This March 4, 2019 sale was subsequently postponed to April 18, 2019. A copy of the postponement is attached hereto as Exhibit "F".

8.  On April 17, 2019, borrower AmberLee Jackson filed bankruptcy case 19-22644.  This case was dismissed for failure to make the filing fee installment payments on July 8, 2019.

9.  On May 22, 2019, Halliday, Watkins & Mann, P.C. scheduled a Trustee's Sale for July 1, 2019 at 9:00 A.M. A copy of the May 22, 2019 Notice of Sale is attached hereto as Exhibit "G".

10. On July 1, 2019, borrower AmberLee Jackson filed bankruptcy case 19-24783. The case was dismissed for failure to file sufficient documentation on August 23, 2019.

11. On August 23, 2019, Halliday Watkins & Mann P.C. scheduled a Trustee's Sale for September 23, 2019 at 9:00 A.M.  A copy of the August 28, 2019 Notice of Sale is attached hereto as Exhibit "H".

12. On September 23, 2019 the Debtor, Cynthia R. Holmes, filed this instant case.

## ARGUMENT

### 1.  Court should grant relief from the Stay

11 U.S.C.A. 362(d)(1) provides that relief from the stay shall be granted for cause (1) cause and (2) (A) the debtor does not have an equity in such property and (B) such property is not necessary to an effective reorganization.  There is cause to terminate the stay under 362(d)(1) based upon the scheme by Borrowers, which now involves Debtor, to hinder, delay, or defraud Secured Creditor and grounds to terminate the stay since it is unclear that the Debtor even has an

interest in the property, the Debtor does not have equity in the Property and the Property is not

necessary for an effective reorganization.

    a.  *Cause to Terminate the Stay Due to the Scheme to Delay and/or Hinder Secured Creditor*

    Borrowers AmberLee Jackson and now Debtor Cynthia Holmes have engaged in a

sophisticated scheme involving the filing of multiple successive bankruptcy cases on the eve

of scheduled foreclosure sales as described above.  It appears that borrowers understood that

the automatic stay may not take effect if AmberLee Jackson were to file a third bankruptcy

petition within a one-year period, and therefore borrower/debtor Cynthia Holmes elected to

file a new case to ensure the stay would take place and further delay Secure Creditor.  It is

clear that the borrowers are engaging in a scheme to delay, hinder or defraud Secured

Creditor, and extend the stay as long as possible in order to do so.  As such, cause exists to

terminate the automatic stay.

**2.  Relief from Stay under 362(d)(4)**

    11 U.S.C.A. 362(d)(4) provides for relief from the stay shall be binding on the property

for two years from the date of the entry of the order.

> With respect to a stay of an act against real property by a creditor whose claim is secured
> by an interest in such real property, if the court finds that the filing of the petition was
> part of a scheme to delay, hinder, **or** defraud creditors that involved:
>     (A)   transfer of all or part ownership of, or other interest in, such real property
> without the consent of the secured creditor or court approval.
>     (B)   multiple bankruptcy filings affecting such real property.
> If recorded in compliance with applicable State laws… be binding in any other case under
> this title filed not later than 2 years after the date of order.

> In the present case, borrower and debtor's successive bankruptcy petitions are part of a

scheme to delay, hinder, or defraud creditor affecting the Property.  Therefore, Secured Creditor requests that the Court order be binding on the property for the next two years.

**3.  Waiver of Rule 4001(a)(3) 14 Day Waiting Period**

Pursuant to Rule 4001(a)(3) an order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, *unless the court orders otherwise* (emphasis added).  The Court should waive the 14-day waiting period based upon the scheme to delay, hinder and defraud Secured Creditor. Therefore, Secured Creditor requests that the stay be terminated effective immediately upon the Court signing the Order Terminating the Stay.

WHEREFORE, Secured Creditor moves the Court for the following relief:

1.  That the evidentiary hearing to be held within thirty days of the date of this motion in accordance with 11 U.S.C., Section 362, be the final evidentiary hearing on this matter;

2.  That the automatic stay pursuant to 11 U.S.C., Section 362, be modified and terminated to permit Secured Creditor to immediately exercise its rights and remedies under applicable state and federal law;

3.  That any order granting relief from the stay be binding on the Property pursuant to 11 U.S.C.A. § 362(d)(4) in that no automatic stay will be in effect for a period of two years in respect to the Debtor's real property located at 555 North 75 West, Springville, UT 84663 more particularly described as:

> Lot 37, Plat "A", Taylor Farm Estates Subdivision, according to the Official Plat thereof on file and of record in the Utah County Recorder`s Office

4.  With respect to Rule 4001(a)(3), for immediate enforcement of any order for relief

granted herein;

5.   That in the event an order dismissing this case is entered prior to the hearing on Secured

Creditor's motion that the court retain jurisdiction for the limited purpose of both hearing and

ruling on Secured Creditor's motion.


DATED this 25th day of September 2019


/s/ Brian J. Porter
Brian J. Porter
Attorney for Secured Creditor

# EXHIBIT "A"

# ALLONGE TO PROMISSORY NOTE

**LOAN NUMBER:** ███████

**LOAN AMOUNT:** $ 233,649.00

**ALLONGE TO ONE CERTAIN NOTE DATED:** 04/15/2015

**PROPERTY ADDRESS:** 555 NORTH 75 WEST
SPRINGVILLE, UTAH 84663

**AND EXECUTED BY:** AMBERLEE JACKSON
JAMES HOLMES
CYNTHIA HOLMES

**WITHOUT RECOURSE PAY TO THE ORDER OF:**

**ALLONGE DATED:** 04/29/2015

FIRST MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, D/B/A FMC MORTGAGE COMPANY

**BY:** _____

RAFAEL ARRARAZ, FUNDING MANAGER

FMC22107L  02/2013

# NOTE

**STATE OF UTAH**                                    Loan #: ███████

FHA CASE NO.

███████████

**April 15, 2015**
[Date]

**555 NORTH 75 WEST**
**SPRINGVILLE, UTAH  84663**

[Property Address]

## 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
**FIRST MORTGAGE CORPORATION,  A CALIFORNIA CORPORATION, D/B/A FMC MORTGAGE COMPANY**
and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Two Hundred Thirty Three Thousand Six Hundred Forty Nine and no/100**                        Dollars (U.S. $ **233,649.00**        ),
plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan
proceeds by Lender, at the rate of **Three and Seven Eighths**        percent (   **3.8750** %) per year until the full amount of
principal has been paid.

## 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date
as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT

**(A)  Time**
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
**June 01, 2015**          . Any principal and interest remaining on the first day of        **May 2045**        , will be due on
that date, which is called the "Maturity Date."

**(B)  Place**
Payment shall be made at **1131 WEST 6TH STREET, 3RD FLOOR, ONTARIO, CALIFORNIA  91762**

or at such other place as Lender may designate in writing by notice to Borrower.

**(C)  Amount**
Each monthly payment of principal and interest will be in the amount of U.S. $ **1,098.70**      . This amount will be part
of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the
order described in the Security Instrument.

**(D)  Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐  Growing Equity Allonge          ☐  Graduated Payment Allonge

☐  Other [specify]

### 5.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 6.  BORROWER'S FAILURE TO PAY

**(A)  Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four**                    percent (   **4.0000**%) of the overdue amount of each payment.

**(B)  Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

### 7.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

### 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this

MULTISTATE FHA FIXED RATE NOTE                                                                6/96

Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Note.

_____ (Seal)
AMBERLEE JACKSON                 -Borrower

_____ (Seal)
JAMES HOLMES                     -Borrower

_____ (Seal)
CYNTHIA HOLMES                   -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

*[Sign Original Only]*

Originator Names and Nationwide Mortgage Licensing System and Registry IDs:
Organization: **FIRST MORTGAGE CORPORATION-1464**                NMLSR ID: **8978**

Individual: **PHILLIP BURNETT**                NMLSR ID: **236558**

MULTISTATE FHA FIXED RATE NOTE                                                6/96

MULTISTATE
ITEM 6432L3 (110614)

GreatDocs®
*(Page 3 of 3)*

| STATE OF UTAH | # NOTE | Loan #: ███████ |
|---|---|---|

FHA CASE NO.

███████████

**April 15, 2015**
[Date]

**555 NORTH 75 WEST
SPRINGVILLE, UTAH  84663**

[Property Address]



## 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **FIRST MORTGAGE CORPORATION,  A CALIFORNIA CORPORATION, D/B/A FMC MORTGAGE COMPANY**
and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Two Hundred Thirty Three Thousand Six Hundred Forty Nine and no/100**                                 Dollars (U.S. $ **233,649.00**      ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Three and Seven Eighths**        percent (   **3.8750**%) per year until the full amount of principal has been paid.

## 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT

**(A)  Time**
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **June 01, 2015**        . Any principal and interest remaining on the first day of        **May 2045**        , will be due on that date, which is called the "Maturity Date."
**(B)  Place**
Payment shall be made at **1131 WEST 6TH STREET, 3RD FLOOR, ONTARIO, CALIFORNIA  91762**


or at such other place as Lender may designate in writing by notice to Borrower.

**(C)  Amount**
Each monthly payment of principal and interest will be in the amount of U.S. $ **1,098.70**        . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D)  Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge          ☐ Graduated Payment Allonge

☐ Other [specify]

## 5.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to any accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 6.  BORROWER'S FAILURE TO PAY

**(A)  Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four**                         percent ( **4.0000**%) of the overdue amount of each payment.

**(B)  Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this

Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Note.

_____ (Seal)
AMBERLEE JACKSON                    -Borrower

_____ (Seal)
JAMES HOLMES                          -Borrower

_____ (Seal)
CYNTHIA HOLMES                       -Borrower

_____ (Seal)
                                                 -Borrower

_____ (Seal)
                                                 -Borrower

_____ (Seal)
                                                 -Borrower

*[Sign Original Only]*

**Originator Names and Nationwide Mortgage Licensing System and Registry IDs:**
Organization: **FIRST MORTGAGE CORPORATION-1464**           NMLSR ID: **8978**

Individual: **PHILLIP BURNETT**                                                  NMLSR ID: **236558**

ENT **36212:2015** PG 1 of 10
**Jeffery Smith**
**Utah County Recorder**
2015 Apr 29 12:37 PM FEE 29.00 BY SS
RECORDED FOR First American - American For|
ELECTRONICALLY RECORDED

After Recording Return To:

**FIRST MORTGAGE CORPORATION**
**1131 WEST 6TH STREET, 3R FLOOR**
**ONTARIO, CA 91762**

Tax Serial Number:
███████

────────── [Space Above This Line For Recording Data] ──────────

**STATE OF UTAH**

# DEED OF TRUST

FHA CASE NO.
███████

**MIN:** ███████

Loan#: █████

THE DEED OF TRUST ("Security Instrument") is made on **April 15, 2015** . The trustor is
**AMBERLEE JACKSON, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**
**AND JAMES HOLMES, CYNTHIA HOLMES, HUSBAND AND WIFE AS JOINT TENANTS**
                    AND

("Borrower"). The trustee is

**SCOTT LUNDBERG, ESQ.,**

("Trustee"). **The beneficiary is**
**Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS** is a separate corporation that is acting
solely as nominee for Lender and Lender's successors and assigns. MERS is organized and existing under
the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026,
tel. (888) 679-MERS. **FIRST MORTGAGE CORPORATION, A CALIFORNIA CORPORATION,**
**D/B/A FMC MORTGAGE COMPANY**

("Lender") is organized and existing
under the laws of **THE STATE OF CALIFORNIA** , and
has an address of **1131 WEST 6TH STREET, SUITE #300, ONTARIO, CA 91762**

Borrower owes Lender the principal sum of **Two Hundred Thirty Three Thousand Six Hundred**
**Forty Nine and no/100**
Dollars (U.S. **$233,649.00** ). This debt is evidenced by Borrower's note dated the same date as this
Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due
and payable on **May 01, 2045** . The beneficiary of this Security Instrument is MERS (solely as
nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This
Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and
all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced
under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably
grants and conveys to Trustee, in trust with power of sale, the following described property located in
**UTAH** County, Utah:

UTAH FHA DEED OF TRUST                                                6/96

UTAH-MERS                                                      GreatDocs®
ITEM 9710L1 (051613)                                          *(Page 1 of 9)*

AS PER LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

**APN#**

which has the address of

**555 NORTH 75 WEST**
[Street]

**SPRINGVILLE**
[City]

, Utah

**84663**
[Zip Code]

("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

**2. Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for: (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

**UTAH FHA DEED OF TRUST**

6/96

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Sec. 2601 et seq. and implementing regulations, 12 CFR Part 1024, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall deal with the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

**3. Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

- FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;
- SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;
- THIRD, to interest due under the Note;
- FOURTH, to amortization of the principal of the Note; and
- FIFTH, to late charges due under the Note.

**4. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that distinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**5. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale

UTAH FHA DEED OF TRUST

**UTAH-MERS**
ITEM 9710L3 (051613)

or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

UTAH FHA DEED OF TRUST

6/96

GreatDocs®
(Page 4 of 9)

**9. Grounds for Acceleration of Debt.**

   **(a)   Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment default, require immediate payment in full of all sums secured by this Security Instrument if:

   (i)   Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

   (ii)   Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   **(b)   Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

   (i)   All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

   (ii)   The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

   **(c)   No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

   **(d)   Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

   **(e)   Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within **60 days**                    from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to **60 days**                    from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

   **10.   Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

   **11.   Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor

in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12.  Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13.  Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14.  Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end, the provisions of this Security Instrument and the Note are declared to be severable.

**15.  Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16.  Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17.  Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender agents. However, prior to Lender notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall

collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18.  Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the power of sale is invoked, Trustee shall execute a written notice of the occurrence of an event of default and of the election to cause the Property to be sold and shall record such notice in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. In the event Borrower does not cure the default within the period then prescribed by applicable law, Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines (but subject to any statutory right of Borrower to direct the order in which the Property, if consisting of several known lots or parcels, shall be sold). Trustee may in accordance with applicable law, postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the county clerk of the county in which the sale took place.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19.  Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

**20. Substitute Trustee.** Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**21. Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

**22. Riders to This Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider ☐ Graduated Payment Rider ☐ Growing Equity Rider

☐ Planned Unit Development Rider ☐ Adjustable Rate Rider ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider ☐ Other [Specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 9 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____(Seal)
AMBERLEE JACKSON           -Borrower

_____(Seal)
JAMES HOLMES                    -Borrower

_____(Seal)
CYNTHIA HOLMES              -Borrower

_____(Seal)
                                        -Borrower

_____(Seal)
                                        -Borrower

_____(Seal)
                                        -Borrower

UTAH FHA DEED OF TRUST

UTAH-MERS
ITEM 9710L8 (051613)

6/96

GreatDocs®
(Page 8 of 9)

State of Utah              )

County of Utah        ) SS.

                   )

The foregoing instrument was acknowledged before me this    *4-23-2015*         by

**AMBERLEE JACKSON and JAMES HOLMES and CYNTHIA HOLMES**



TODD J. FIELDING
NOTARY PUBLIC • STATE OF UTAH
COMMISSION# 679197
COMM. EXP. 09-25-2018



                                         Notary Public

**Originator Names and National Mortgage Licensing System and Registry IDs:**
Organization: **FIRST MORTGAGE CORPORATION-1464**          NMLSR ID: **8978**

Individual: **PHILLIP BURNETT**                   NMLSR ID: **236558**

### REQUEST FOR RECONVEYANCE

TO TRUSTEE:

    The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto

Date:                        _____

# EXHIBIT "A "

Escrow No. ███████████████
A.P.N.: ███████████

LOT 37, PLAT "A", TAYLOR FARM ESTATES SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF ON FILE AND OF RECORD IN THE UTAH COUNTY RECORDER'S OFFICE.

# EXHIBIT "B"

Recording Requested By:
Freedom Mortgage Corporation

When Recorded Return To:

Rangam Anjaneyulu
Freedom Mortgage Corporation
907 Pleasant Valley Ave., Suite 3
Mount Laurel, NJ  08054

ENT **19130:2018**  PG  1 of 3
**Jeffery Smith**
**Utah County Recorder**
2018 Feb 28 08:46 AM FEE 14.00 BY MG
RECORDED FOR Halliday, Watkins & Mann, P.C.
ELECTRONICALLY RECORDED

### CORPORATE ASSIGNMENT OF DEED OF TRUST

Utah, Utah
**SELLER'S SERVICING #:**

**MIN #:** ███████ SIS #: 1-888-679-6377

Date of Assignment: February 13th, 2018
Assignor: Mortgage Electronic Registration Systems, Inc., solely as nominee for First Mortgage Corporation, A
California Corporation, D/B/A FMC Mortgage Company, its successors and assigns at P.O. Box 2026, Flint, MI
48501-2026
Assignee: Freedom Mortgage Corporation at 907 Pleasant Valley Av Ste 3, Mount Laurel, NJ  08054

Executed By: AMBERLEE JACKSON, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY AND
JAMES HOLMES AND CYNTHIA HOLMES, HUSBAND AND WIFE AS JOINT TENANTS  To: Mortgage Electronic
Registration Systems, Inc., solely as nominee for First Mortgage Corporation, A California Corporation, D/B/A FMC
Mortgage Company, its successors and assigns
Dated: 04-15-2015 Recorded: 04-29-2015 as Instrument No. 36212:2015, Book/Reel/Liber N/A, Page/Folio N/A  In
the County of Utah, State of Utah.

Assessor's/Tax ID No.: ███████

Property Address: 555 NORTH 75 WEST, SPRINGVILLE, UT  84663

Legal:See Exhibit "A" Attached Hereto And By This Reference Made A Part Hereof

    KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of
Trust having an original principal sum of $233,640.00 with interest, secured thereby, and the full benefit of all the
powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys
unto the said Assignee, the Assignor's interest under the Deed of Trust.

    TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to
the terms contained in said Deed of Trust.  IN WITNESS WHEREOF, the assignor has executed these presents the
day and year first above written:

Mortgage Electronic Registration Systems, Inc., solely as nominee for First Mortgage Corporation, A California
Corporation, D/B/A FMC Mortgage Company, its successors and assigns
On 2/13/2018

By: _____
ALONZO A. GONZALEZ     , Assistant Secretary

*2/13/2018 4:47:46 PM*49661150*49661152*1504*UTSTATE_TRUST_ASSIGN_ASSN

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF In
COUNTY OF Hamilton

On ___2-15-18___, before me, ___Eryk  Calvin___, a Notary Public in and for ___Hamilton___ County in the State of ___IN___, personally appeared ___Norma  Bonales___, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

___Eryk  Calvin___                          (This area for notarial seal)



ERYK CALVIN
Notary Public, State of Indiana
Hamilton County
Commission # 704187
My Commission Expires
August 17, 2025

*2/13/2018 4:47:46 PM*49661150*49661152*1504*UTSTATE_TRUST_ASSIGN_ASSN

Escrow No.
A.P.N.:

LOT 37, PLAT "A", TAYLOR FARM ESTATES SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF ON
FILE AND OF RECORD IN THE UTAH COUNTY RECORDER'S OFFICE.

Page 1 of 1
*2/13/2018 4:47:46 PM*49661150*49661152*1504*UTSTATE_TRUST_ASSIGN_ASSN

# EXHIBIT "C"

AFTER RECORDING RETURN TO:
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
File No. 52036

ENT **19443:2018**  PG  1 of 1
**Jeffery Smith**
**Utah County Recorder**
2018 Feb 28 12:27 PM FEE 10.00 BY VP
RECORDED FOR Halliday, Watkins & Mann, P.C.
ELECTRONICALLY RECORDED

## NOTICE OF DEFAULT AND ELECTION TO SELL

**NOTICE IS HEREBY GIVEN** by the law firm of **Halliday, Watkins & Mann, P.C., Successor Trustee**, that a default has occurred under a Trust Deed dated April 15, 2015, and executed by Cynthia Holmes and James Holmes and Amberlee Jackson, as Trustors, in favor of Mortgage Electronic Registration Systems, Inc. as nominee for First Mortgage Corporation, a California Corporation, D/B/A FMC Mortgage Company, its successors and assigns as Beneficiary, but Freedom Mortgage Corporation being the present Beneficiary, in which Scott Lundberg, Esq. was named as Trustee. The Trust Deed was recorded in Utah County, Utah, on April 29, 2015, as Entry No. 36212:2015, of Official Records, all relating to and describing the real property situated in Utah County, Utah, particularly described as follows:

Lot 37, Plat "A", Taylor Farm Estates Subdivision, according to the Official Plat thereof on file and of record in the Utah County Recorder's Office. **TAX #**

Purportedly known as 555 North 75 West, Springville, UT 84663 (the undersigned disclaims liability for any error in the address).

That the default which has occurred is the breach of obligations under the Trust Deed and Note which includes the failure of the Trustors and subsequent owners if any, to pay the monthly installments when due as set forth in the Note. Under the provisions of the Promissory Note and Trust Deed, the principal balance is accelerated and now due, together with accruing interest, late charges, costs and trustees' and attorneys' fees. There is also due all of the expenses and fees of these foreclosure proceedings.

The Successor Trustee declares all sums secured thereby immediately due and payable and elects to sell the property described in the Trust Deed. The default is subject to reinstatement in accordance with Utah law.  All reinstatements, assumptions or payoffs must be in lawful money of the United States of America, or certified funds.  Personal Checks will not be accepted.

Notice is also given that despite any possible reduced payment arrangement agreed to by the Beneficiary and/or the Beneficiary's agent, hereafter, the Beneficiary, and/or Beneficiary's agent, does not necessarily intend to instruct the Successor Trustee to defer giving the notice of sale and completing foreclosure beyond the earliest time legally allowed, unless the Beneficiary specifically agrees otherwise in writing.

**This is an attempt to foreclose a security instrument and any information obtained will be used for that purpose.**

Dated this _28_ day of _Feb._ , 2018.

HALLIDAY, WATKINS & MANN, P.C.:

By: _____

Name: _Paul M. Halliday, Jr._
Attorney and authorized agent of the law firm of
Halliday, Watkins & Mann, P.C., Successor Trustee
376 East 400 South, Suite 300, Salt Lake City, UT 84111
Telephone: 801-355-2886
Office Hours: Mon.-Fri., 8AM-5PM (MST)

STATE OF UTAH       )
                    : ss.
County of Salt Lake )

The foregoing instrument was acknowledged before me this _Feb 28_ , 2018, by _Paul M Halliday, Jr._ as an attorney and authorized agent of the law firm of Halliday, Watkins & Mann, P.C., the Successor Trustee.

_____
Notary Public

MARGARET ZOE LEE
Notary Public
State of Utah
My Commission Expires March 22, 2020
#688180

# EXHIBIT "D"

AFTER RECORDING RETURN TO:
Halliday, Watkins & Mann, P.C.
376 East 400 South, Suite 300
Salt Lake City, UT 84111

**FILE #: 52036**

ENT **20880:2018**  PG 1 of 1
**Jeffery Smith**
**Utah County Recorder**
2018 Mar 05 10:33 AM FEE 10.00 BY CS
RECORDED FOR Halliday, Watkins & Mann, P.C.
ELECTRONICALLY RECORDED

## APPOINTMENT OR SUBSTITUTION OF TRUSTEE

NOTICE IS HEREBY GIVEN, that the law firm of Halliday, Watkins & Mann, P.C., 376 East 400 South, Suite 300, Salt Lake City, UT 84111, is hereby appointed Trustee under that certain written Trust Deed dated April 15, 2015, executed by Cynthia Holmes and James Holmes and Amberlee Jackson, as Trustors, in which Mortgage Electronic Registration Systems, Inc. as nominee for First Mortgage Corporation, a California Corporation, D/B/A FMC Mortgage Company, its successors and assigns was named as Beneficiary, and Scott Lundberg, Esq. as Trustee, and filed for record in the office of the County Recorder of Utah County, State of Utah, on April 29, 2015, as Entry No. 36212:2015, of Official Records.

Said real property is situated in Utah County, State of Utah, and more particularly described as follows:

Lot 37, Plat "A", Taylor Farm Estates Subdivision, according to the Official Plat thereof on file and of record in the Utah County Recorder's Office. **TAX #** ▮▮▮▮▮▮

The Beneficiary ratifies and confirms any action taken on the Beneficiary's behalf by the herein appointed Trustee prior to the recording of the Appointment or Substitution of Trustee.

Dated this _____2ⁿᵈ_____ day of ___March___, 2018.

Freedom Mortgage Corporation

By: _____
   Name: Eric D. Tracy
   Title: FCL Specialist III

State of Indiana    )
             :ss.
County of Hamilton  )

The foregoing instrument was acknowledged before me this ___March 2___, 2018, by ___Erica D. Tracy___, the ___FCL Specialist III___ of Freedom Mortgage Corporation.

SHEENA WINN
Notary Public, State of Indiana
Marion County
SEAL
Commission # 706126
My Commission Expires
October 05, 2025

_____
Notary Public

# EXHIBIT "E"

## NOTICE OF TRUSTEE'S SALE

The following property will be sold at public auction to the highest bidder without warranty, at the South Main Entrance, Fourth Judicial District, American Fork Division, 75 East 80 North, American Fork, Utah, on 3/4/19 at 09:00 AM, for the purpose of foreclosing a Trust Deed executed by Cynthia Holmes and James Holmes and Amberlee Jackson, as Trustors, in favor of Mortgage Electronic Registration Systems, Inc. as nominee for First Mortgage Corporation, a California Corporation, D/B/A FMC Mortgage Company, its successors and assigns, recorded on 4/29/15, as Entry # 36212:2015, covering real property purportedly known as 555 North 75 West, Springville, UT 84663, and more particularly described as:

**Lot 37, Plat "A", Taylor Farm Estates Subdivision, according to the Official Plat thereof on file and of record in the Utah County Recorder's Office. TAX #** ▮▮▮▮▮▮▮▮

Freedom Mortgage Corporation is the current Beneficiary of the Trust Deed. Record owners of the property as of the recording of the Notice of Default are reported to be Cynthia Holmes and James Holmes and Amberlee Jackson.

A $20,000.00 deposit in the form of a bank or credit union cashier's check or a bank official check, payable to Halliday, Watkins & Mann, P.C., is required to bid. A successful bidder who fails to tender the full purchase price will forfeit the entire deposit. The successful bidder must tender the deposit at the sale and the balance of the purchase price by 12:00 noon the following business day. The balance must be in the form of a wire transfer, bank or credit union's cashier's check, or bank official check payable to Halliday, Watkins & Mann, P.C. A bank or credit union cashier's check must be pre-printed and clearly state that it is a cashier's check. A bank official check must be pre-printed and clearly state that it is an official check. Cash payments are not accepted.

A trustee's deed will be delivered to the successful bidder within five business days after receipt of the amount bid.

Successor Trustee disclaims liability for any error in the street address shown herein.

Successor Trustee may void sale due to any unknown facts at time of sale that would cause the cancellation of the sale.  If sale is voided, Successor Trustee shall return funds to bidder, and the Successor Trustee and Beneficiary shall not be liable to bidder for any damages. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Beneficiary, Trustor, Successor Trustee or the Successor Trustee's attorney.

This is an attempt to foreclose a security instrument and any information obtained will be used for that purpose.

Dated: 1/28/19

HALLIDAY, WATKINS & MANN, P.C.:

By: _____

Name: _____

Attorney and authorized agent of the law firm of
Halliday, Watkins & Mann, P.C.
Successor Trustee
376 E 400 S, Ste 300
SLC, UT 84111
PH 801-355-2886
Office Hours: M-F: 8am – 5pm
H/W # 52036

# Notice to Tenant

As stated in the accompanying Notice of Trustee's Sale, this property is scheduled to be sold at public auction to the highest bidder unless the default in the obligation secured by this property is cured. If the property is sold, you may be allowed under Utah Code Section 57-1-25.5 to continue to occupy your rental unit until your rental agreement expires, or until 45 days after the date you are served with a notice to vacate, whichever is later. If your rental or lease agreement expires after the 45-day period, you may need to provide a copy of your rental or lease agreement to the new owner to provide your right to remain on the property longer than 45 days after the sale of the property.

You must continue to pay your rent and comply with other requirements of your rental or lease agreement or you will be subject to eviction for violating your rental or lease agreement.

The new owner of the new owner's representative will probable contact you after the property is sold with directions about where to pay rent.

The new owner of the property may or may not want to offer to enter into a new rental or lease agreement with you at the expiration of the period described above.

If you are a tenant, Halliday, Watkins & Mann, P.C. recommends that you contact an attorney to determine your rights and obligations.

# EXHIBIT "F"

**HALLIDAY, WATKINS & MANN, P.C.**
ATTORNEYS AT LAW
376 EAST 400 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111
801-355-2886    Fax:801-328-9714

March 1, 2019

American Express Bank, FSB
4315 South 2700 West
Salt Lake City, UT 84184

RE:   Postponement of Foreclosure Sale Date
      Mortgage Servicer:   Freedom Mortgage
      Loan Number:         ██████████
      File Number:         52036

Dear American Express Bank, FSB:

This letter is to inform you that the Foreclosure Trustee's Sale for the property at 555 North 75 West, Springville, UT 84663 has been postponed to April 18, 2019 at 09:00 AM.

If you have any questions in regards to your account and the scheduled foreclosure sale you may contact our office at 801-355-2886.

Sincerely,

_____
Paul M. Halliday, Jr.
Successor Trustee

THIS COMMUNICATION IS AN ATTEMPT TO FORECLOSE YOUR DEED OF TRUST (MORTGAGE) AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with the Mortgage Servicer or this law firm, or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

If you or your spouse is a member of the military, please contact the Mortgage Servicer or our office immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact the Mortgage Servicer or our office.

**HALLIDAY, WATKINS & MANN, P.C.**
ATTORNEYS AT LAW
376 EAST 400 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111
801-355-2886    Fax:801-328-9714

March 1, 2019

American Express Bank, FSB
c/o Gurstel Chargo P.A.
6681 Country Club Drive
Golden Valley, MN 55427

RE:     Postponement of Foreclosure Sale Date
        Mortgage Servicer:     Freedom Mortgage
        Loan Number:           ███████████
        File Number:           52036

Dear American Express Bank, FSB:

This letter is to inform you that the Foreclosure Trustee's Sale for the property at 555 North 75 West, Springville,
UT 84663 has been postponed to April 18, 2019 at 09:00 AM.

If you have any questions in regards to your account and the scheduled foreclosure sale you may contact our
office at 801-355-2886.

Sincerely,

Paul M. Halliday, Jr.
Successor Trustee

THIS COMMUNICATION IS AN ATTEMPT TO FORECLOSE YOUR DEED OF TRUST (MORTGAGE)
AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable
bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an
attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with the Mortgage Servicer
or this law firm, or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy
attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding,
approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy
case.

If you or your spouse is a member of the military, please contact the Mortgage Servicer or our office immediately. The federal
Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military
service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to
determine eligibility please contact the Mortgage Servicer or our office.

**HALLIDAY, WATKINS & MANN, P.C.**
ATTORNEYS AT LAW
376 EAST 400 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111
801-355-2886   Fax:801-328-9714

March 1, 2019

Aqua Finance, Inc.
One Corporate Drive, Suite 300
Wausau, WI 54401

RE:   Postponement of Foreclosure Sale Date
      Mortgage Servicer:   Freedom Mortgage
      Loan Number:         █████████
      File Number:         52036

Dear Aqua Finance, Inc.:

This letter is to inform you that the Foreclosure Trustee's Sale for the property at 555 North 75 West, Springville, UT 84663 has been postponed to April 18, 2019 at 09:00 AM.

If you have any questions in regards to your account and the scheduled foreclosure sale you may contact our office at 801-355-2886.

Sincerely,

Paul M. Halliday, Jr.
Successor Trustee

THIS COMMUNICATION IS AN ATTEMPT TO FORECLOSE YOUR DEED OF TRUST (MORTGAGE) AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with the Mortgage Servicer or this law firm, or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

If you or your spouse is a member of the military, please contact the Mortgage Servicer or our office immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact the Mortgage Servicer or our office.

**HALLIDAY, WATKINS & MANN, P.C.**
ATTORNEYS AT LAW
376 EAST 400 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111
801-355-2886    Fax:801-328-9714

March 1, 2019

Aqua Finance, Inc.
c/o Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

RE:    Postponement of Foreclosure Sale Date
Mortgage Servicer:    Freedom Mortgage
Loan Number:    ████████
File Number:    52036

Dear Aqua Finance, Inc.:

This letter is to inform you that the Foreclosure Trustee's Sale for the property at 555 North 75 West, Springville, UT 84663 has been postponed to April 18, 2019 at 09:00 AM.

If you have any questions in regards to your account and the scheduled foreclosure sale you may contact our office at 801-355-2886.

Sincerely,

Paul M. Halliday, Jr.
Successor Trustee

THIS COMMUNICATION IS AN ATTEMPT TO FORECLOSE YOUR DEED OF TRUST (MORTGAGE) AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with the Mortgage Servicer or this law firm, or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

If you or your spouse is a member of the military, please contact the Mortgage Servicer or our office immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact the Mortgage Servicer or our office.

**HALLIDAY, WATKINS & MANN, P.C.**
ATTORNEYS AT LAW
376 EAST 400 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111
801-355-2886    Fax:801-328-9714

March 1, 2019

Current Occupant
555 North 75 West
Springville, UT 84663

RE:    Postponement of Foreclosure Sale Date
Mortgage Servicer:    Freedom Mortgage
Loan Number:    ████████
File Number:    52036

Dear Current Occupant:

This letter is to inform you that the Foreclosure Trustee's Sale for the property at 555 North 75 West, Springville, UT 84663 has been postponed to April 18, 2019 at 09:00 AM.

If you have any questions in regards to your account and the scheduled foreclosure sale you may contact our office at 801-355-2886.

Sincerely,

Paul M. Halliday, Jr.
Successor Trustee

THIS COMMUNICATION IS AN ATTEMPT TO FORECLOSE YOUR DEED OF TRUST (MORTGAGE) AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with the Mortgage Servicer or this law firm, or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

If you or your spouse is a member of the military, please contact the Mortgage Servicer or our office immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact the Mortgage Servicer or our office.

**HALLIDAY, WATKINS & MANN, P.C.**
ATTORNEYS AT LAW
376 EAST 400 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111
801-355-2886   Fax:801-328-9714

March 1, 2019

Cynthia Holmes
555 North 75 West
Springville, UT 84663

RE:      Postponement of Foreclosure Sale Date
Mortgage Servicer:    Freedom Mortgage
Loan Number:      █████████
File Number:      52036

Dear Cynthia Holmes:

This letter is to inform you that the Foreclosure Trustee's Sale for the property at 555 North 75 West, Springville, UT 84663 has been postponed to April 18, 2019 at 09:00 AM.

If you have any questions in regards to your account and the scheduled foreclosure sale you may contact our office at 801-355-2886.

Sincerely,

Paul M. Halliday, Jr.
Successor Trustee

THIS COMMUNICATION IS AN ATTEMPT TO FORECLOSE YOUR DEED OF TRUST (MORTGAGE) AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with the Mortgage Servicer or this law firm, or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

If you or your spouse is a member of the military, please contact the Mortgage Servicer or our office immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact the Mortgage Servicer or our office.

**HALLIDAY, WATKINS & MANN, P.C.**
ATTORNEYS AT LAW
376 EAST 400 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111
801-355-2886   Fax:801-328-9714

March 1, 2019

James Holmes
555 North 75 West
Springville, UT 84663

RE:   Postponement of Foreclosure Sale Date
Mortgage Servicer:   Freedom Mortgage
Loan Number:   ███████████
File Number:   52036

Dear James Holmes:

This letter is to inform you that the Foreclosure Trustee's Sale for the property at 555 North 75 West, Springville, UT 84663 has been postponed to April 18, 2019 at 09:00 AM.

If you have any questions in regards to your account and the scheduled foreclosure sale you may contact our office at 801-355-2886.

Sincerely,

Paul M. Halliday, Jr.
Successor Trustee

THIS COMMUNICATION IS AN ATTEMPT TO FORECLOSE YOUR DEED OF TRUST (MORTGAGE) AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with the Mortgage Servicer or this law firm, or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

If you or your spouse is a member of the military, please contact the Mortgage Servicer or our office immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact the Mortgage Servicer or our office.

**HALLIDAY, WATKINS & MANN, P.C.**
ATTORNEYS AT LAW
376 EAST 400 SOUTH, SUITE 300
SALT LAKE CITY, UT 84111
801-355-2886   Fax:801-328-9714

March 1, 2019

Amberlee Jackson
555 North 75 West
Springville, UT 84663

RE:   Postponement of Foreclosure Sale Date
Mortgage Servicer:      Freedom Mortgage
Loan Number:            ██████████
File Number:            52036

Dear Amberlee Jackson:

This letter is to inform you that the Foreclosure Trustee's Sale for the property at 555 North 75 West, Springville, UT 84663 has been postponed to April 18, 2019 at 09:00 AM.

If you have any questions in regards to your account and the scheduled foreclosure sale you may contact our office at 801-355-2886.

Sincerely,

Paul M. Halliday, Jr.
Successor Trustee

THIS COMMUNICATION IS AN ATTEMPT TO FORECLOSE YOUR DEED OF TRUST (MORTGAGE) AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with the Mortgage Servicer or this law firm, or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options. In addition, if you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

If you or your spouse is a member of the military, please contact the Mortgage Servicer or our office immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact the Mortgage Servicer or our office.

# EXHIBIT "G"

## NOTICE OF TRUSTEE'S SALE

The following property will be sold at public auction to the highest bidder without warranty, at the South Main Entrance, Fourth Judicial District, American Fork Division, 75 East 80 North, American Fork, Utah, on 7/1/19 at 09:00 AM, for the purpose of foreclosing a Trust Deed executed by Cynthia Holmes and James Holmes and Amberlee Jackson, as Trustors, in favor of Mortgage Electronic Registration Systems, Inc. as nominee for First Mortgage Corporation, a California Corporation, D/B/A FMC Mortgage Company, its successors and assigns, recorded on 4/29/15, as Entry # 36212:2015, covering real property purportedly known as 555 North 75 West, Springville, UT 84663, and more particularly described as:

**Lot 37, Plat "A", Taylor Farm Estates Subdivision, according to the Official Plat thereof on file and of record in the Utah County Recorder's Office. TAX #** ▓▓▓▓▓▓▓

Freedom Mortgage Corporation is the current Beneficiary of the Trust Deed. Record owners of the property as of the recording of the Notice of Default are reported to be Cynthia Holmes and James Holmes and Amberlee Jackson.

A $20,000.00 deposit in the form of a bank or credit union cashier's check or a bank official check, payable to Halliday, Watkins & Mann, P.C., is required to bid. A successful bidder who fails to tender the full purchase price will forfeit the entire deposit. The successful bidder must tender the deposit at the sale and the balance of the purchase price by 12:00 noon the following business day. The balance must be in the form of a wire transfer, bank or credit union's cashier's check, or bank official check payable to Halliday, Watkins & Mann, P.C. A bank or credit union cashier's check must be pre-printed and clearly state that it is a cashier's check. A bank official check must be pre-printed and clearly state that it is an official check. Cash payments are not accepted.

A trustee's deed will be delivered to the successful bidder within five business days after receipt of the amount bid.

Successor Trustee disclaims liability for any error in the street address shown herein.

Successor Trustee may void sale due to any unknown facts at time of sale that would cause the cancellation of the sale.  If sale is voided, Successor Trustee shall return funds to bidder, and the Successor Trustee and Beneficiary shall not be liable to bidder for any damages. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Beneficiary, Trustor, Successor Trustee or the Successor Trustee's attorney.

This is an attempt to foreclose a security instrument and any information obtained will be used for that purpose.

Dated: 5/22/19

HALLIDAY, WATKINS & MANN, P.C.:

By: _____

Name: _____

Attorney and authorized agent of the law firm of
Halliday, Watkins & Mann, P.C.
Successor Trustee
376 E 400 S, Ste 300
SLC, UT 84111
PH 801-355-2886
Office Hours: M-F: 8am – 5pm
H/W # 52036

# Notice to Tenant

As stated in the accompanying Notice of Trustee's Sale, this property is scheduled to be sold at public auction to the highest bidder unless the default in the obligation secured by this property is cured. If the property is sold, you may be allowed under Federal Public Law No: 115-174 and/or Utah Code Section 57-1-25.5 to continue to occupy your rental unit up to 90 days following the date of the foreclosure sale or until your rental agreement expires, whichever is later. If your rental or lease agreement expires after the 90-day period, you will be required to provide a copy of your rental or lease agreement to the new owner to verify whether you and/or the rental or lease agreement meets eligibility requirements to remain in the property longer than 90 days after the foreclosure sale of the property.

You must continue to pay your rent and comply with other requirements of your rental or lease agreement or you will be subject to eviction for violating your rental or lease agreement.

The new owner or the new owner's representative will probably contact you after the property is sold with directions about where to pay rent.

The new owner of the property may or may not want to offer to enter into a new rental or lease agreement with you at the expiration of the period described above.

If you are a tenant, Halliday, Watkins & Mann, P.C. recommends that you contact an attorney to determine your rights and obligations.

# EXHIBIT "H"

## NOTICE OF TRUSTEE'S SALE

The following property will be sold at public auction to the highest bidder without warranty, at the South Main Entrance, Fourth Judicial District, American Fork Division, 75 East 80 North, American Fork, Utah, on 9/23/19 at 09:00 AM, for the purpose of foreclosing a Trust Deed executed by Cynthia Holmes and James Holmes and Amberlee Jackson, as Trustors, in favor of Mortgage Electronic Registration Systems, Inc. as nominee for First Mortgage Corporation, a California Corporation, D/B/A FMC Mortgage Company, its successors and assigns, recorded on 4/29/15, as Entry # 36212:2015, covering real property purportedly known as 555 North 75 West, Springville, UT 84663, and more particularly described as:

**Lot 37, Plat "A", Taylor Farm Estates Subdivision, according to the Official Plat thereof on file and of record in the Utah County Recorder's Office. TAX #** ▮▮▮▮▮▮▮▮

Freedom Mortgage Corporation is the current Beneficiary of the Trust Deed. Record owners of the property as of the recording of the Notice of Default are reported to be Cynthia Holmes and James Holmes and Amberlee Jackson.

A $20,000.00 deposit in the form of a bank or credit union cashier's check or a bank official check, payable to Halliday, Watkins & Mann, P.C., is required to bid. A successful bidder who fails to tender the full purchase price will forfeit the entire deposit. The successful bidder must tender the deposit at the sale and the balance of the purchase price by 12:00 noon the following business day. The balance must be in the form of a wire transfer, bank or credit union's cashier's check, or bank official check payable to Halliday, Watkins & Mann, P.C. A bank or credit union cashier's check must be pre-printed and clearly state that it is a cashier's check. A bank official check must be pre-printed and clearly state that it is an official check. Cash payments are not accepted.

A trustee's deed will be delivered to the successful bidder within five business days after receipt of the amount bid.

Successor Trustee disclaims liability for any error in the street address shown herein.

Successor Trustee may void sale due to any unknown facts at time of sale that would cause the cancellation of the sale.  If sale is voided, Successor Trustee shall return funds to bidder, and the Successor Trustee and Beneficiary shall not be liable to bidder for any damages. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Beneficiary, Trustor, Successor Trustee or the Successor Trustee's attorney.

This is an attempt to foreclose a security instrument and any information obtained will be used for that purpose.

Dated: 8/23/19

HALLIDAY, WATKINS & MANN, P.C.:

By: _____

Name: _____

Attorney and authorized agent of the law firm of
Halliday, Watkins & Mann, P.C.
Successor Trustee
376 E 400 S, Ste 300
SLC, UT 84111
PH 801-355-2886
Office Hours: M-F: 8am – 5pm
H/W # 52036